IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW ONDREAKO, )<br>    Petitioner, )<br>)<br>v. )<br>)<br>JOHN E. WETZEL, et al., )<br>    Respondents. ) | Civil Action No. 15-210 Erie |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that Respondents' motion to dismiss [ECF No. 28] be granted. Respondents are correct that the claims that Petitioner, Matthew Ondreako, raised in his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), should be denied as untimely. A certificate of appealability also should be denied and the case should be closed.

**II.    REPORT**

    **A.    Relevant Background**[1]

In 2011, Petitioner was charged in the Court of Common Pleas of Erie County with one count each of aggravated indecent assault of a child, endangering the welfare of children, corruption of minors and indecent assault. The charges against him arose after his ex-girlfriend's daughter reported that Petitioner sexually molested her almost every day when the daughter was between the ages of 8 and 11 years old. (SCR Nos. 1, 4).

---

[1]    Respondents submitted a hardcopy of the relevant State Court Record ("SCR"). The items are indexed and numbered 1 through 36 and shall be cited herein as "SCR No. __ ."

1

Petitioner's two-day trial commenced on May 15, 2012. He was represented by Assistant Public Defender Stephen J. Lagner, Esquire. The jury found him guilty of all four counts as charged. On November 1, 2012, the trial court sentenced him to an aggregate sentence of 8 to 16 years of imprisonment. It also held that he should be classified as a Sexually Violent Predator. (SCR Nos. 16, 18).

After Petitioner's sentencing, Attorney Lagner advised him that in his professional opinion any appeal would be frivolous and, therefore, he did not file one on Petitioner's behalf. (SCR No. 21). In March 2013, Petitioner filed a *pro se* a petition for collateral relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.* (SCR No. 22). Therein, he claimed that his sentence was excessive and that the court abused its discretion in imposing it. Petitioner explained that he did not raise these issues in a direct appeal because Attorney Lagner failed to file an appeal.

On March 21, 2013, the Court of Common Pleas granted Petitioner's PCRA motion to the extent that it reinstated his direct appeal rights nunc pro tunc so that Petitioner could raise the challenges to his sentence in a properly filed appeal. The court also appointed Eric Hackwelder, Esquire, to represent Petitioner in the direct appeal proceeding to the Superior Court of Pennsylvania. (SCR No. 23).

On December 4, 2013, the Superior Court issued a memorandum in which it affirmed Petitioner's judgment of sentence. (SCR No. 33, Commonwealth v. Ondreako, No. 712 WDA 2013, slip op. (Pa.Super.Ct. Dec. 4, 2013)). It rejected Petitioner's argument that his sentence was excessive and that the trial court abused its discretion. The Superior Court also explained that each of Petitioner's sentences were within the standard range of the sentencing guidelines. (SCR No. 33, Ondreako, NO. 712 WDA 2013, slip op. at 7-9).

Petitioner did not file a petition for allowance of appeal ("PAA") with the Pennsylvania Supreme Court. Accordingly, his judgment of sentence became final on or around January 3, 2014, which is the

date upon which the 30-day time limit for him to file a PAA expired. Gonzalez v. Thaler, — U.S. — , 132 S.Ct. 641, 653-56 (2012) (a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review); Jimenez v. Quarterman, 555 U.S. 113, 121 (2009) ("We hold that, where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A). In such a case, 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review' must reflect the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal."); Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000).

On August 18, 2015, Petitioner placed in the prison mailing system his petition for a writ of habeas corpus to be filed with this Court. [ECF No. 1 at 15]. He claims, as he did in his direct appeal, that the trial court abused its discretion in imposing an excessive sentence. [ECF No. 5 at 8]. He also contends that his attorney had a conflict of interest and that he provided ineffective assistance of counsel for allegedly not "ask[ing] for discovery and … not do[ing] as I've asked him to [do]." [ECF No. 5 at 5, 7]. In his final claim, Petitioner contends that the victim and her mother provided false testimony at his trial and he explains that he did not raise this claim to the state court because he "just noticed it as [he] was going over my paperwork." [ECF No. 5 at 10-12].

Respondents filed a motion to dismiss the petition [ECF No. 28], in which they argue that Petitioner's claims are untimely under the statute of limitations applicable to state prisoners pursuing habeas relief in federal court. Petitioner filed a reply [ECF No. 32] and the matter is now ripe for review.

3

### B. Discussion

AEDPA requires, with a few exceptions not applicable here, that a federal habeas claim must be filed with the district court within one year of the date the petitioner's judgment of sentence became final. 28 U.S.C. § 2244(d)(1)(A).[2] As set forth above, Petitioner's judgment of sentence or around January 3, 2014. He had one year from that date, or until on or around January 3, 2015, to file a timely federal habeas petition with this Court. He commenced this case, at the very earliest, on August 18, 2015 (the date he submitted his petition in the prison mailing system to be mailed to this Court). Therefore, the claims raised in the petition are untimely by more than 7 months.

The United States Supreme Court has held that AEDPA's statute-of-limitations period "is subject to equitable tolling in appropriate cases."[3] Holland v. Florida, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows both that: (1) he has been **pursuing his rights diligently**, and (2) some **extraordinary circumstance** stood in his way and prevented timely filing. Id. at 649. See also United States v. Thomas, 713 F.3d 165, 174 (3d Cir. 2013); Ross v. Varano, 712 F.3d 784, 798-804 (3d Cir. 2013); Munchinski v. Wilson, 694 F.3d 308, 329-32 (3d Cir. 2012). "This conjunctive standard requires showing both elements before we will permit tolling." Sistrunk v. Rozum, 674 F.3d 181, 190 (3d Cir. 2012) (emphasis in original). The United States Court of Appeals for the Third Circuit has explained:

---

[2] Petitioner is not entitled to take advantage of any of the other provisions triggering the one-year limitations period. He did not suffer any impediment to filing his federal petition. 28 U.S.C. § 2244(d)(1)(B). None of his claims are based on a new constitutional right recognized by the United States Supreme Court and made retroactive to cases on collateral review, id. at § 2244(d)(1)(C), or upon a factual predicate that could not have been discovered through the exercise of due diligence. Id. § 2244(d)(1)(D).

[3] AEDPA provides that the limitations period will be **statutorily tolled** during the time in which "a properly filed application for State post-conviction or other collateral review" is pending. As set forth above, AEDPA's statute of limitations ran in this case from on or around January 3, 2014 to January 3, 2015. Petitioner had no "properly filed application for State post-conviction relief or other collateral review" pending during that time period.

4

> "There are no bright lines in determining whether equitable tolling is warranted in a given case." Pabon v. Mahanoy, 654 F.3d 385, 399 (3d Cir. 2011). Nevertheless, "courts must be sparing in their use of equitable tolling," Seitzinger v. Reading Hosp. & Medical Ctr., 165 F.3d 236, 239 (3d Cir. 1999), and should do so "only when the principles of equity would make the right application of a limitation period unfair." Miller [v. New Jersey State Dept. of Corr.], 145 F.3d [616, 618 (3d Cir. 1998)].

Sistrunk, 674 F.3d at 190.

Petitioner has not met his burden of demonstrating that he is entitled to equitable tolling. He does not identify any "extraordinary circumstance" that stood in his way of filing a timely federal habeas petition. Nor has he shown that he acted with the required diligence. In his reply, Petitioner points to his lack of education and legal knowledge. However, although he may not have understood the ramifications of waiting so long after his direct appeal concluded to seek federal habeas review with this Court, it is well established that a petitioner's "lack of legal knowledge or legal training does not alone justify equitable tolling." Ross, 712 F.3d at 799-800 (citing Brown v. Shannon, 322 F.3d 768, 774 (3d Cir. 2003) (equitable tolling not justified where petitioner had one month left in limitations period in which he could have filed "at least a basic pro se habeas petition" at the time that petitioner's attorney informed him that he would not file an appeal in state court on his behalf and could no longer adequately represent him); and Doe v. Menefee, 391 F.3d 147, 177 (2d Cir. 2004) ("Given that we expect pro se petitioners to know when the limitations period expires ... such inadvertence on Doe's part cannot constitute reasonable diligence."). See also BRIAN R. MEANS, Federal Habeas Manual § 9A:92 WestlawNext (database updated May 2016) (collecting cases for the proposition that "[i]gnorance of the law and the lack of legal experience typically do not excuse an untimely filing, even for a *pro se* incarcerated prisoner.").

Petitioner also faults his direct appeal counsel, Attorney Hackwelder, for not advising him to "have the n[unc] pro tunc motion put on hold, and file a second or subsequent PCRA[.]" [ECF No. 32 at

5

1]. This argument has no merit. Attorney Hackwelder was appointed to represent Petitioner in his direct appeal, and that appeal could not be "put on hold" so that Petitioner could file a PCRA. Moreover, the state court reinstated Petitioner's direct appeal rights because in his March 2013 *pro se* PCRA petition, Petitioner faulted Attorney Langer for not filing one on his behalf so that he could litigate his sentencing claims. Those sentencing claims–that the trial court abused its discretion and imposed an excessive sentence–must be litigated in a direct appeal, not in a PCRA motion. See, e.g., 29 Standard Pennsylvania Practice 2d § 138:49, WestlawNext (database updated June 2016) (citing Commonwealth v. Wrecks, 934 A.2d 1287 (Pa.Super.Ct. 2007) and explaining that "requests for relief with respect to the discretionary aspects of the sentence are not cognizable in proceedings under the PCRA"; citing Commonwealth v. Blackwell, 647 A.2d 915 (1994) and explaining that a "claim that a defendant's sentence exceeded the range permitted by the sentencing guideline is a challenge to the discretionary aspects of the sentence and is not cognizable under the PCRA[.]") Therefore, there was no basis for Attorney Hackwelder to advise Petitioner to forego a direct appeal.

Petitioner also insists that he is innocent. In McQuiggin v. Perkins, — U.S. — , 133 S.Ct. 1924 (2013), the Supreme Court recognized that the actual innocence gateway to federal habeas review developed in Schlup v. Delo, 513 U.S. 298 (1995) extends to cases where a petitioner's claims would otherwise be barred by the expiration of the one-year statute of limitations prescribed by AEDPA. It held that, in order to avoid a miscarriage of justice, a federal court may entertain a § 2254 petition if the petition states facts that could amount to a convincing claim of actual innocence even if AEDPA's statute of limitations for such a petition has expired. McQuiggin, 133 S.Ct. at 1934-35. This "actual innocence" exception applies only to a "severely confined category" of cases, namely, those matters where the petitioner produces new evidence sufficient to show that "it is more likely than not that no reasonable juror would have convicted [the petitioner]." Id. at 1933 (quoting Schlup, 513 U.S. at 329).

The Supreme Court cautioned that "tenable actual-innocence gateway pleas are rare[,]" id. at 1928, and that "[t]he gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" Id. at 1936 (quoting Schlup, 513 U.S. at 316). This is not the type of rare case in which a petitioner can overcome AEDPA's statute of limitations by way of the miscarriage of justice gateway.

### C. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether each of Petitioner's claims should be denied as untimely. Accordingly, a certificate of appealability should be denied.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Respondents' motion to dismiss [ECF No. 28] be granted. The petition for a writ of habeas corpus should be denied because Petitioner's claims are untimely. A certificate of appealability also should be denied and the case should be closed.

7

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed fourteen (14) days from the date listed below to file objections to this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: July 8, 2016

cc: The Honorable Barbara Rothstein
United States District Judge